## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN TURNAGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 12-1248 |
| | ) | |
| RICARDO RIOS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

This matter is now before the Court on Petitioner, John Turnage's ("Turnage"), Motion for Reconsideration of the Order denying his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, his Motion for Reconsideration [16] is DENIED.

### BACKGROUND

Turnage brought a petition pursuant to § 2241 claiming that he was sentenced under the wrong penalty provision and should be resentenced to a lesser period of time. The Court found that the Petition actually involved a collateral attack on Turnage's conviction that would be barred from consideration as successive unless he first obtained permission from the Court of Appeals to bring a second or successive motion or qualified as one of the few instances in which petitioners may seek collateral relief under § 2241. Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).

In dismissing the Petition for lack of jurisdiction, the Court found that Turnage did not offer any real explanation of why he did not have the opportunity to raise his claim in his § 2255 motion, particularly as he raised claims related to his sentence in his initial motion. It was therefore unclear

how Turnage allegedly had "no reasonable opportunity to obtain earlier judicial correction of the purported defects." Nor did he identify any change in law made retroactive by the Supreme Court, as his attempt to rely on *Alleyne v. United States* was inapposite, as that case does not address the career offender designation, only represents the decision of the Court of Appeals, and has not been made retroactive in any event.  Accordingly, the Court concluded that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of his conviction and sentence.  Accordingly, Turnage's § 2241 petition constituted an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241.

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996).  Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider.  Id. at 1270.  Turnage's motion amounts to nothing more than rehashing his previously rejected arguments and demonstrates no manifest error of law or fact with respect to the Court's ruling.

## CONCLUSION

For the reasons stated herein, Turnage's Motion for Reconsideration [16] is DENIED.

ENTERED this 3rd day of April, 2013.

    s/ James E. Shadid
    James E. Shadid
    Chief United States District Judge